UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VIRGIN RECORDS AMERICA, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-235 |
| | ) | (Varlan/Guyton) |
| DOES 1-33, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 23] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Doe No. 28's Motion to Quash Subpoena [Doc. 12] and Memorandum in Support [Doc. 13] and plaintiffs' Opposition to Motion to Quash [Doc. 16].

Plaintiff record companies filed this copyright infringement action against Does 1-33 ("the Doe Defendants"), alleging that the Doe Defendants have disseminated over the Internet copyrighted works owned and/or controlled by the plaintiffs [Doc. 1]. By previous Order of this Court, plaintiff record companies were given leave to serve limited, immediate discovery on a third party Internet Service Provider ("ISP"), the University of Tennessee at Knoxville ("University"), to determine the true identities of the Doe Defendants and to pursue their lawsuit to protect their copyrighted works from repeated infringement. [Doc. 8]. Plaintiffs were ordered to serve a copy of the Court's Order, along with a Rule 45 subpoena requesting each subscriber's name, address, telephone number, e-mail address, and Media Access Control address ("MAC address") upon the University [Doc. 8].

The defendant, Doe No. 28, moves to quash the subpoena issued to the University. Defendant argues the subpoena is unreasonable on its face and that it requests certain educational records, which if released, would be a violation of Doe No. 28's rights under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (2000). Plaintiffs, in response, argue that the motion should be denied because the limited information requested from the University is not protected from disclosure by FERPA. Plaintiffs further argue movant has not articulated a valid basis for quashing the subpoena and that if the motion was granted, Doe No. 28 would be immunized from liability for violating federal copyright laws.

The Court will first address Doe No. 28's argument that the information plaintiffs requested from the University is "unreasonable on its face" [Doc. 13]. Movant contends plaintiffs can identify the name of the alleged infringer of the copyrighted sound recordings by being provided with the name and current campus address of Doe No. 28 and does not need his permanent address, telephone numbers, e-mail address, and MAC Address. Plaintiffs, in response, argue that they need the requested information to be able to "*uniquely* identify Defendant to the exclusion of other similarly-named or situated individuals" [Doc. 16] (emphasis in original).

Rule 45 of the Federal Rules of Civil Procedure provides that the Court shall quash or modify the subpoena if it subjects a person to "undue burden." Fed.R.Civ.P. 45(c)(3)(A). This Court has previously had the opportunity to address the information sought by plaintiffs from the University [Doc. 8]. This Court found plaintiffs showed good cause for expedited discovery, mainly because without the disclosure of the identities of Doe Defendants, the present litigation could not proceed, as the plaintiffs would be unable to effect service of process upon the defendants; ISP activity logs are usually only retained for a short period of time; and the presumption of irreparable

2

harm suffered when their right to the exclusive use of copyrighted material has been invaded. The Court finds providing plaintiffs with the current address, permanent address, telephone number, and e-mail address is not unduly burdensome as college students are transient by nature while living on or near campus and may move once, if not several, times a year, thus it may be difficult for plaintiffs to locate Doe No. 28 with only a name and campus address. Finally, movant cites to no precedential authority which binds the Court to alter the subpoena in the requested way, that is, to provide only a name and local, campus address. In fact, movant cites to no case law to support the claim that plaintiffs' subpoena is unreasonable on its face. Thus, the argument that the subpoena issued to the University should be quashed due to its unreasonableness is not well-taken.

The movant further argues the subpoena issued to the University should be quashed because Doe No. 28 has not waived the right to privacy of educational records under FERPA [Doc. 13]. Plaintiffs, in response, argue that FERPA protects the disclosure of certain confidential information, but expressly authorizes the disclosure of a student's "directory information" without the prior consent of the student [Doc. 16]. The Court finds it necessary to analyze the language of the statute as well as the University's FERPA policy in order to proceed.[1]

FERPA protects educational records or personally identifiable information from improper disclosure. <u>Doe v. Woodford County Bd. of Educ.</u>, 213 F.3d 921, 926 (6th Cir. 2000). The statute sets out conditions of availability of federal funds for educational agencies and institutions and provides, in pertinent part, that:

---

[1] It should be noted, that although referred to in their filings, neither party provided a copy of the University of Tennessee's FERPA policy to the Court. However, the Court located a copy of the University's policy on line at http://registrar.utk.edu/records/ferpa.ppt. *What You Should Know About FERPA*, Office of the University Registrar, University of Tennessee, Knoxville, last updated March 13, 2007.

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information...) of students without the written consent of their parents to any individual, agency, or organization...

20 U.S.C. § § 1232(g)(a) and (b)(1).

FERPA broadly defines "educational records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution." United States v. Miami University, 294 F.3d 797, 812 (6th Cir. 2002) (citing 20 U.S.C. § 1232g(a)(4)(A)). Directory information is defined in the statute as "the student's name, address, telephone listing, date and place of birth..." 20 U.S.C. § 1232g(a)(5)(A). According to the University's FERPA policy, directory information is "information not generally considered harmful or an invasion of privacy if disclosed. The University of Tennessee considers the following information to be 'Directory Information': Name, semester and permanent address, e-mail address, telephone listing, date and place of birth." Office of the University Registrar, *What You Should Know About FERPA*. Furthermore, the University's policy states that it is "not allowed to share information (other than 'Directory Information') without a student's written consent" and that a student may limit release of directory information by submitting a request for directory exclusion to the University's registrar. Id.

In this case, plaintiffs are requesting defendant Doe No. 28's name, current and permanent address, telephone numbers, e-mail address, and MAC address. Most of this

4

information falls within the category of Directory Information under FERPA, which according to the University's policy, does not require defendant's consent to provide to a third party. See Office of the University Registrar, *What You Should Know About FERPA*. Thus, Doe No. 28's name, current and permanent address, telephone numbers, and e-mail address are discoverable and may be released to plaintiffs by the University. Doe No. 28 argues that he has not waived his right to privacy for access to his educational records. However, his argument is misplaced since the information requested by plaintiffs is directory information, not educational records. Under the University's policy, to prevent disclosure of directory information to a third party, Doe No. 28 would have had to submit a request to the University's Registrar. See id. Since Doe No. 28 fails to argue that such a limiting request was given to the University, the University may provide Doe No. 28's directory information to plaintiffs.

Plaintiffs also request Doe No. 28's MAC address, which identifies the device which Doe No. 28 used to connect to the school's network. The Court finds the MAC address is not an "educational record" or "personally identifiable information" within the scope of FERPA, and thus, is not protected by the statute. 20 U.S.C. § 1232g(b)(1). The statute defines "educational records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). Furthermore, the University considers such information as student identification numbers, social security numbers, grades, GPAs, student schedules, academic histories, and academic standing as educational records or personally identifiable information and prevents disclosure of that type of information without prior consent of the student or student's parents. See Office of the

University Registrar, *What You Should Know About FERPA*. No where in the University's FERPA policy is mention of MAC addresses. Thus, the University may provide Doe No. 28's MAC address to plaintiffs in accordance with the subpoena, as the information requested is not protected by FERPA.

For the foregoing reasons, defendant's Motion to Quash Subpoena **[Doc. 12]** is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge